**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINE M. AIVAZOVA, | No. 04-71791 |
| Petitioner, | Agency No. A079-534-065 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2009
Pasadena, California

Before: HALL, THOMPSON and SILVERMAN, Circuit Judges.

Karine M. Aivazova petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order denying her

application for asylum, withholding of removal, and relief under the Convention

Against Torture (CAT). We deny her petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Where, as here, "the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (internal quotations omitted). "We review the IJ's findings of fact for substantial evidence and will uphold these findings if they are supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Id*. at 1039-40. A petitioner contending that the IJ's findings are erroneous must establish that the evidence compels reversal. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998).

There is a question whether the IJ's adverse credibility determination is supported by substantial evidence, but even giving credit to Aivazova's testimony, the record does not compel a finding of past persecution. *See Gu v*. Gonzales, 454 F.3d 1014, 1019-21 (9th Cir. 2006). Aivazova testified that the police did not touch her. She also testified that she had bruises on her body but the record contains no evidence that she was beaten or explanation of how she got the bruises. No presumption of future persecution arose and the IJ could properly determine that Aivazova failed to establish her claim of persecution. *See Korablina v. INS,* 158 F.3d 1038, 1043 (9th Cir. 1998).

The IJ's findings that Aivazova did not establish eligibility for withholding of removal or CAT relief are supported by substantial evidence. The record does

2

not compel a finding that Aivazova would more likely than not be tortured or suffer persecution if returned to Georgia. *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005); *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001).

Petition for review **DENIED.**